Law Office of Paul N. Cisternino, P.C.
*Attorneys for Plaintiff*
16 Briarbrook Road, Ossining, NY 10562
Phone (914) 330-1527 *paulcist20@gmail.com*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**-------------------------------------------------------x**
**DWAYNE SMITH,**

**Plaintiff,**

**-against-**

**WHOLE FOODS MARKET, INC.,**

**Defendant.**
**-------------------------------------------------------x**

**VERIFIED COMPLAINT**
**AND JURY TRIAL DEMAND**

**INDEX NO. _________________**

**ASSIGNED JUDGE:___________**

Plaintiff Dwayne Smith, by and through his attorney, Paul N. Cisternino, as and for his Verified Complaint, alleges as follows:

## INTRODUCTION

1. This is an action against the Defendant for the violation of Plaintiff's federally guaranteed constitutional and civil rights and his rights as otherwise guaranteed under law.

2. Plaintiff seeks monetary compensation and other damages for the wrongful, illegal and unconstitutional acts of the Defendant which violated rights guaranteed to the Plaintiff under various federal and state laws, specifically Title VII of the Civil Rights Act of 1964 as amended by the Equal Employment Act of 1972, 42 U.S.C. §2000 *et seq*.,

and the New York State Human Rights Law, New York Executive Law §290 *et seq*.

3. Plaintiff alleges herein that he was denied the equal terms, conditions and privileges of employment, subjected to discrimination based on race/color, and/or national origin, and that he was also victimized by an unlawful termination.

## JURISDICTION AND VENUE

4. The jurisdiction of this Honorable Court is invoked pursuant to and under 28 U.S.C. §§ 1331, 1343 and 1367.

5. The unlawful acts alleged herein were committed in whole or in part in the Southern District of New York.

## ADMINISTRATIVE PROCEEDINGS

6. Plaintiff has satisfied all procedural requirements prior to commencing this action in that he timely filed charges of discrimination with the United States Equal Employment Opportunity Commission and his complaint was dual filed with the New York State Division of Human Rights. Plaintiff received a written Dismissal from the Commission and the instant complaint has been filed within ninety days of the receipt thereof.

## PARTIES

7. Plaintiff at all times relevant herein resided within the State of New York.

8. Upon information and belief the Defendant is an "employer" within the meaning of 42 U.S.C. §2000 *et seq* and New York Executive Law §290 *et seq.*

**ALLEGATIONS**

9. Plaintiff hereby repeats and realleges each allegation contained in paragraphs "1" through "8" as if fully set forth herein.

10. The Plaintiff is a 39 year-old Jamaican male who had been employed by the Defendant as a Cook for approximately sixteen years, working most recently at Defendant's Bryant Park location.

11. During his extended period of working for the Defendant the Plaintiff has always acted in a competent and professional manner, without time, attendance, disciplinary nor negative performance issues of any kind (except as to any such matters under dispute herein, like the disputed disciplinary write ups in 2008, 2017 and 2020 for alleged latenesses).

12. The Plaintiff has always been a well respected and vital team member who always sought to act in the best interest of the employer; in fact, the Plaintiff helped open Whole Foods locations at Columbus Circle, Bowery, the upper Westside, 125th Street, 87th, Albany, Marlboro, Wall and others.

13. Upon information and belief, the Plaintiff was subjected to various types of discrimination and to an unlawful termination based on his race/color and/or national origin.

14. The Plaintiff has personally witnessed Defendant leadership steal time, show favoritism, talk derogatorily about employees and discriminate against them.

15. During the relevant time period, the Plaintiff's immediate supervisor was Team Leader Anthony Wogard (hereinafter "Wogard"); Wogard often treated Plaintiff and other Defendant Jamaican employees differently from their non-Jamaican employees.

16. For example, Wogard was more critical of Plaintiff's work while he ignored bad work practices and other violations by Defendant's non-minority employees, including ignoring their latenesses and their taking extended breaks; Wogard also seemed to overly scrutinize Plaintiff's work while ignoring others; at times he would also make sarcastic, racially based comments, such as the time he described a dish the Plaintiff had prepared as "Jamaican lasagna."

17. In addition, when requests were put out by the Defendant seeking employees who wanted to transfer, the Plaintiff's requests were denied while other such requests by non-minority and non-Jamaican employees were readily granted.

18. On or about July 27, 2020, the Plaintiff was terminated, upon information and belief, unfairly, allegedly due to his not wearing a cut glove while handling food; while the Plaintiff removed the glove for only a short time, he personally observed non-Jamaican employees not using cut gloves for extended periods of time who were in no way disciplined by their supervisor; the Plaintiff also submitted a written note to his Team Leader objecting to the termination without a response.

19. Additionally, the termination was allegedly based on Defendant's "three strikes policy;" however, this policy was implemented only three years prior and one of the write ups they were referencing, which Plaintiff vehemently disputes, was from 2008, some thirteen years ago!

20. It is the Plaintiff's belief that his being black and/or Jamaican caused this unlawful, discriminatory termination; the Plaintiff was never provided the opportunity to offer an explanation for what allegedly occurred, nor, to Plaintiff's knowledge, was an

investigation ever conducted by the Defendant into the circumstances surrounding his termination; a written objection to the termination which the Plaintiff submitted was apparently ignored and his attempt to appeal the termination has been blocked.

21. The Plaintiff attempted to get an explanation and documentation for his termination from Defendant's Human Resources Department but they initially never responded, somehow claiming that they did not have an email address for the Plaintiff, even though he had emailed the request to them; after many emails the Plaintiff did finally get a response from Loraine Martinez stating in a cursory manner only that the Plaintiff had been fired for "Attendance."

22. It is the Plaintiff's belief that after my many years of competent, dedicated service to a company that claims to value their employee's quality of work life, he should have been dealt with in a more professional, considerate and equitable manner.

23. A fellow employee remarked that if the Plaintiff had been Hispanic this wouldn't have happened to him [Plaintiff].

24. To the Plaintiff's knowledge, if the Defendant has a written anti-discrimination policy, they do not properly post it, distribute it or enforce it nor do they utilize an employee handbook.

25. At the time of his termination, the Plaintiff was making approximately $48,000 per year; since being terminated, he has been unable to obtain replacement employment, despite his good faith efforts to do so.

**AS AND FOR A FIRST CAUSE OF ACTION BASED ON RACE/COLOR UNDER TITLE VII OF THE 1964 CIVIL RIGHTS ACT**

26. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "25" as though fully set forth herein.

27. By engaging in the foregoing conduct, the Defendant has violated Plaintiff's rights under Title VII, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

**AS AND FOR A SECOND CAUSE OF ACTION BASED ON RACE/COLOR UNDER NEW YORK EXECUTIVE LAW §290**

28. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "27" as though fully set forth herein.

29. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the State Human Rights Law, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory damages.

**AS AND FOR A THIRD CAUSE OF ACTION BASED ON NATIONAL ORIGIN UNDER TITLE VII OF THE 1964 CIVIL RIGHTS ACT**

30. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "29" as though fully set forth herein.

31. By engaging in the foregoing conduct, the Defendant has violated Plaintiff's rights under Title VII, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

**AS AND FOR A FOURTH CAUSE OF ACTION BASED ON NATIONAL ORIGIN UNDER NEW YORK EXECUTIVE LAW §290**

32. The Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "31" as though fully set forth herein.

33. By engaging in the foregoing conduct, Defendant has violated Plaintiff's rights under the State Human Rights Law, having acted intentionally, with malice, or with reckless disregard for Plaintiff's rights, proximately causing Plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling Plaintiff to an award of compensatory damages.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Dwayne Smith respectfully requests that this Court assume jurisdiction herein and thereafter:

1. Award Plaintiff appropriate compensatory and punitive damages in an amount to be defined and determined;

2. Award reasonable attorney's fees and the costs of this action;

3. Award such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a jury trial for all claims stated herein.

Dated: Ossining, New York
June 23, 2021

Respectfully submitted,

Law Office of Paul N. Cisternino, P.C.
*Attorneys for Plaintiff*

*/S/ Paul N. Cisternino*
Paul N. Cisternino (PC-0317)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK** **INDEX NO. ______________**

---

**DWAYNE SMITH, Plaintiff**

**-against-**

**WHOLE FOODS MARKET, INC., Defendant**

---

**VERIFIED COMPLAINT AND**

**JURY TRIAL DEMAND**

---

**Law Office of Paul N. Cisternino, P.C.**
**16 Briarbrook Road**
**Ossining, New York 10562**
**Tel: (914) 330-1527**
***paulcist20@gmail.com***

**- Litigation Back -**